UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>DANIEL D. GIBSON, )<br>DEWYATT A. HILL, )<br>DONAL G. HOPSON, JR., and )<br>MORTON DEAN MOORE, )<br>)<br>Defendant. ) | No. 3:11-CR-6<br><br>(VARLAN/SHIRLEY) |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 19, 2011, for a scheduled pretrial conference and motion hearing on Defendant Morton Dean Moore's Motion to Continue Trial and to Enlarge Time to File Further Motions [Doc. 50], filed on April 15, 2011. Assistant United States Attorneys Kelly Ann Norris and Zachary C. Bolitho appeared on behalf of the Government. Attorney Christopher J. Oldham represented Defendant Daniel D. Gibson. Attorney William J. Taylor represented Defendant Dewyatt A. Hill. Attorney Mike Whale represented Defendant Donald G. Hopson. Attorney Charles T. Webber, Jr. represented Defendant Morton Dean Moore. All the Defendants were also present.

In his Motion, Attorney Webber states that he was recently appointed on March 23, 2011,

1

to represent Defendant Moore who is charged in twelve counts of the thirteen count Superseding Indictment [Doc. 2] in this case. At the hearing, the Court addressed Mr. Webber's motion to continue the May 2, 2011 trial of this case. Attorney Webber noted that due to his recent appointment in this case, he needs additional time to speak with his client and discuss the allegations in the Indictment. In addition, Attorney Webber stated that due to the large amount of discovery in this case he would need additional time to review such discovery and to determine if any necessary motions need to be filed with the Court. Attorney Webber also requested time to file additional pretrial motions based upon review of such discovery. Moreover, Attorney Webber informed the Court that he had discussed the need for a continuance with Defendant Moore, who understood that he would remain in custody pending the new trial date. The Court addressed Defendant Moore who stated that he understood that he would remain in custody pending a new trial date. In addition, Defendant Moore stated that he had no objection to continuing the trial date and that he wished the trial to be continued in this case.

The Court then asked a series of questions to the remaining Defendants. Attorney Oldham stated that he had no objection to a continuance of the trial date and that he had discussed a trial continuance with Defendant Gibson. The Court addressed Defendant Gibson who stated that he understood that he would remain in custody pending a new trial date and had no objection to the continuance of the trial in this case. Attorney Whalen stated that he had no objection to a continuance of the trial date and that he had spoken with Defendant Hopson about continuing the trial in this case. The Court addressed Defendant Hopson who represented that he understood that he would remain in custody pending a new trial date and that he had no objection to continuing the trial date in this case. Attorney Taylor stated that he had no objection to continuing the trial date and

2

that he had spoken with Defendant Hill regarding continuing the trial date in this case. The Court addressed Defendant Hill who acknowledged that he understood that he would remain in custody pending a new trial date and stated that he had no objection to continuing the trial date in this case. The Government did not object to the requested continuance. The parties agreed on a new trial date of October 18, 2011.

This case was set for trial on May 2, 2011, before District Judge Thomas A. Varlan. The Court finds Defendant Moore's motion for a continuance to be well taken. It finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant needs additional time to review the discovery in this matter and investigate the case. The Court finds that this investigation and discovery review could not take place before the May 2, 2011 trial date, despite counsel's use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). Moreover, Defendant Gibson has presently pending a Motion to Suppress Evidence [Doc. 45] and Defendant Hill has presently pending a Motion for Severance of the Defendants [Doc. 47]. See 18 U.S.C. § 3161(h)(1)(D). Once any new motions are filed, the Court will hold a motion hearing and will need time, not to exceed thirty days, to rule upon the motions. 18 U.S.C. § 3161(h)(1)(H). Upon receipt of the Court's rulings or recommendations, the parties will need time to file any objections or appeals, which will be decided by the District Court. Following the litigation of the pretrial motions, including the pending motions, the parties will need time to prepare for trial in light of the Court's rulings. The Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for a trial despite their due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that such preparation cannot be accomplished prior to the new trial date of **October 18, 2011**

Additionally, excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[1] Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, Defendants Gibson, Hill, Hopson, and Moore are jointly indicted. The Court notes that Defendant Hill has filed a motion for severance which could impact Defendant Hill's trial date. At this point, however, the motion to sever is pending and the Court finds that Defendant Hill remains joined to his co-defendants at this time for purposes of the Speedy Trial Act. The Court finds that the five-month delay caused by Defendant Moore's need for counsel's adequate

---

[1] Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

4

trial preparation to be reasonable. Accordingly, this delay is also attributable to Defendants Gibson, Hill, and Hopson. 18 U.S.C. § 3161(h)(6).

Accordingly, the Defendant Moore's Motion to Continue Trial and to Enlarge Time to File Further Motions [**Doc. 50**] is **GRANTED**, and the trial of this case is reset to **October 18, 2011**. The Court finds that all the time between the **April 19, 2011** hearing date and the new trial date of **October 18, 2011**, is fully excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & (7)(A)-(B). Regarding further scheduling, Court set a new motion-filing deadline of **May 16, 2011**. Responses are due on or before **May 31, 2011**. The parties are to appear before the undersigned for a motion hearing and pretrial conference on **June 20, 2011, at 9:30 a.m.** Reciprocal discovery is also due on or before **June 20, 2011.** The new deadline for completing plea negotiations is **September 20, 2011**.

Accordingly, it is **ORDERED**:

> (1) Defendant Moore's Motion to Continue and to Enlarge Time to File Further Motions **[Doc. 50]** is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **October 18, 2011**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
> (3) All time between the **April 19, 2011** hearing, and the new trial date of **October 18**, **2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) The motion-filing deadline is extended to **May 16, 2011.** The Government's response deadline is **May 31, 2011**;
>
> (5) The parties are to appear before the undersigned for a pretrial conference and evidentiary hearing on

Defendant Gibson's Motion to Suppress Statements by the Defendant [Doc. 45] and Defendant Hill's Motion for Severance of Defendants [Doc. 47] on **June 20, 2011, at 9:30 a.m.** This is also the date that reciprocal discovery is due;

(6) The deadline for plea negotiations is **September 20, 2011**;

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge