IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-6 |
| | ) | |
| DANIEL D. GIBSON, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Gibson's Motion to Continue Sentencing [Doc. 149] and Motion to Refer Defendant to a Proper Facility for a Mental Health Evaluation in Aid of Sentencing [Doc. 150], both of which were filed on May 31, 2012, and referred [Doc. 152] to the undersigned on June 1, 2012. The Defendant asks be sent to a federal mental health facility to receive a mental evaluation. He contends that such an evaluation would aid the District Court in arriving at the appropriate sentence in light of certain matters raised in his Presentence Investigation Report (PSR). In order to allow time for the requested evaluation, he asks the Court to continue his June 6, 2012 sentencing hearing. The Government opposes [Doc. 153] the motions, arguing that the Defendant provides no authority for the requested mental evaluation and that such evaluation would be a waste of time and resources. The Government notes that the Defendant can receive any necessary mental health treatment while incarcerated.

The parties appeared for a hearing on the motions on June 5, 2012. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Christopher J. Oldham

1

represented the Defendant, who was also present. Mr. Oldham stated that the issues noted in Offender Characteristics portion of the PSR were first raised in an interview with United States Probation Officer Joe Thomas. Defense counsel stated that he was not contending that the Defendant is incompetent but, instead, sought the mental evaluation in order to give the District Judge a clearer picture of the kind of person the Defendant is and how he got to this point in his life. Counsel argued that in light of the lengthy potential sentence the Defendant faced, he felt it important to gain any support or clarification that he could for the issues raised in the PSR.

The Government asserted that a mental evaluation was unnecessary in this case because the District Court could be apprised of any mental health issues through the PSR and the Defendant's own testimony at the sentencing hearing. Both parties stated that they were prepared to proceed to sentencing the following day, if the Court did not grant the mental evaluation.

The Court finds no authority for ordering a mental evaluation of the Defendant at this juncture. First, the statutes permitting the Court to order a mental evaluation do not apply in this case. See 18 U.S.C. §§ 4241, 4242, & 4244. Sections 4241 and 4242 both apply pretrial and relate to a defendant's competency or his intent to pursue a mental defense at trial. The instant Defendant has already been convicted and is not contending that he is incompetent. Although § 4244 provides for a psychiatric or psychological examination of a defendant following conviction and prior to sentencing,"the purpose of section 4244 is quite clearly to provide a hearing to determine if hospitalization of a defendant is necessary in lieu of incarceration[.]" United States v. Osoba, 213 F.3d 913, 915 (6th Cir. 2000). The request for a mental evaluation under § 4244 must be "supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable

2

facility." 18 U.S.C. §§ 4244(a). The Court finds that § 4244 also does not apply in this case.

Second, the Defendant has neither requested nor shown the need for a defense expert to testify at sentencing. Under the Criminal Justice Act, indigent criminal defendants may obtain funding for expert services that are "necessary for adequate representation" if "the person is financially unable to obtain them[.]" 18 U.S.C. § 3006A(e)(1). This statute can be used to provide funding for expert services for sentencing as well as for trial. See, e.g., Osoba, 213 F.3d at 915. Although the Defendant meets the financial qualifications for expert funding, the Court finds that he has not shown that such an expert is necessary. The Court of Appeals for the Sixth Circuit has observed that "[t]he determination of whether an expert's assistance is necessary for an adequate defense is generally left within the discretion of the trial court." Id. at 916. To make this showing of necessity, an indigent defendant must demonstrate that "(1) such services are necessary to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced." United States v. Gilmore, 282 F.3d 398, 406 (6th Cir. 2002). In the instant case, the Defendant contends only that a mental evaluation could potentially provide a clearer picture to the District Court of the Defendant's mental health and substance abuse issues referenced in the PSR. The Court finds that this contention fails to rise to the level of necessity. Moreover, the Court finds that the Defendant will not be prejudiced by the lack of a mental evaluation because the PSR raises the mental health issues for the District Court's consideration. The Defendant seeks the mental evaluation only for the purpose of providing additional support for the PSR.

Accordingly, the Court finds no authority for it to order a mental evaluation of the Defendant prior to his sentencing hearing in this case. The Defendant's Motion to Refer Defendant to a Proper Facility for a Mental Health Evaluation in Aid of Sentencing [**Doc. 150**] is **DENIED**. Additionally,

3

the Court finds that the Motion to Continue Sentencing was predicated on the request for a mental evaluation and that both parties are ready to proceed to sentencing if the mental evaluation is not permitted.  Thus, the Motion to Continue Sentencing [**Doc. 149**] is **DENIED as moot**.[1]

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] The Court notes that following the June 5 motion hearing, the District Court continued the sentencing hearing to **June 11, 2012, at 11:00 a.m.**

4