UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DANIEL D. GIBSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:11-CR-6-TAV-CCS-1 |
| | ) | 3:14-CV-542-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 181, 182].[1] The United States filed an initial response in opposition the motion [Doc. 184]; Petitioner replied in turn [Doc. 185]. During pendency of the action, Petitioner filed a motion to supplement, citing the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as a novel ground for collateral relief [Doc. 196]. The Government again responded in opposition to collateral relief [Doc. 201]. For the reasons below, Petitioner's motion to supplement [Doc. 196] will be **DENIED** based on futility, and his § 2255 motion [Docs. 181, 182] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.  BACKGROUND

In 2010, Petitioner joined DeWatt "Jughead" Hill, Morton "Dean" Moore, James Marable, and Donald Hopson, Jr., in committing five armed pharmacy robberies in the

---

[1] Petitioner filed two identical copies of the petition about a month apart. For purposes of the instant action, the Court will treat both motions as a single original request for collateral relief submitted on the date of the original filing.

Eastern District of Tennessee [Presentence Investigation Report ("PSR") ¶¶ 2, 19–40]. During the robberies, Petitioner and his coconspirators obtained large quantities of prescription narcotics—38,674 pills with a replacement value of $129,948.65 [*Id.* ¶¶ 41, 43]. Petitioner actively participated in all five of the robberies [*Id.* ¶¶ 19, 23, 37, 31, 36]. The prescription drugs acquired during the foregoing robberies were largely provided to co-defendant Moore, who in turn paid his co-conspirators and sold the narcotics throughout Knoxville [*Id.* ¶ 2; Doc. 167].

The first robbery occurred on September 14, 2010, at a CVS Pharmacy on Alcoa Highway in Knoxville, Tennessee [PSR ¶ 19]. During the robbery, Petitioner and co-defendant Hill entered the CVS Pharmacy armed with handguns [*Id.* ¶¶ 19–22]. Petitioner jumped the pharmacy counter, pointed his handgun at the pharmacy employees, and demanded prescription narcotics [*Id.*]. Meanwhile, Hill guarded the front door of the pharmacy, pointed his handgun at an employee operating the cash register, and then stole money from the register [*Id.*]. Petitioner left the pharmacy with a garbage bag full of $42,01.32 in prescription narcotics [*Id.* ¶ 43].

The second robbery occurred on October 16, 2010, at a CVS Pharmacy on Chapman Highway in Knoxville, Tennessee [*Id.* ¶ 23]. Petitioner and co-defendant Marable participated in that robbery [*Id.*]. Petitioner jumped the pharmacy counter, pointed his handgun at the pharmacy employees, and demanded prescription narcotics [*Id.* ¶ 25]. While the pharmacy employees were attempting to obtain the prescription narcotics from the safe, Petitioner fired his handgun [*Id.*; Doc. 166]. Marable, meanwhile, went to the cash register, pointed his handgun at an employee and a customer, and then fired his handgun. In both

instances of the discharged firearms, no bullets struck either individual [PSR ¶ 26]. Petitioner stole $24,831.70 in prescription narcotics during this second robbery [*Id.* ¶ 43].

The third robbery occurred on November 6, 2010, at a CVS Pharmacy on Virginia Avenue in Bristol, Tennessee [*Id.* ¶ 27]. Accompanying Petitioner during the robbery were co-defendants Hill and Hopson [*Id.*]. The three men entered the pharmacy with handguns drawn [*Id.*]. Petitioner jumped over the pharmacy counter, pointed his handgun at the pharmacy employees, and demanded prescription narcotics [*Id.* ¶¶ 28–30]. Hill and Hopson pointed their handguns at other employees and customers in the store, ordering them to get on the ground [*Id.*]. Petitioner, Hill, and Hopson left the third robbery with $18,670.51 in narcotics [*Id.* ¶ 43].

Next, Petitioner, Hill, and Hopson robbed the CVS Pharmacy on Alcoa highway in Knoxville, Tennessee on November 29, 2010 [*Id.* ¶ 31]. Petitioner jumped the pharmacy counter, pointed a handgun at the pharmacy employees, and demanded narcotics [*Id.* ¶¶ 32–35]. Hill and Hopson meanwhile pointed their handguns at other employees and demanded money from the cash register [*Id.*]. They stole $30,708.45 worth of prescription narcotics [*Id.* ¶ 43].

The fifth and final robbery occurred on December 17, 2010, at a CVS pharmacy on Kingston Pike in Knoxville, Tennessee [*Id.* ¶ 36]. Petitioner was accompanied by Marable and both men entered the pharmacy with handguns [*Id.* ¶¶ 36, 38]. Petitioner jumped the pharmacy counter, pointed his handgun at the pharmacy employees, and demanded prescription narcotics [*Id.* ¶ 38]. Apparently frustrated with the pace at which the pharmacy employee was emptying the safe where the narcotics were stored, Petitioner placed the gun

3

against the employee's head, grabbed her by the hair, and then shoved her head against the safe [*Id.*]. At the same time, Marable drew his handgun and secured the front door [Doc. 167]. Both individuals fired their handguns at various points during the exchange [PSR ¶¶ 39–40; Doc. 166], and left the pharmacy with approximately $13,736.67 in prescription narcotics [PSR ¶ 43].

As a result of the above activities, Petitioner and his co-conspirators were charged by a federal grand jury on February 15, 2011 [Doc. 2]. Petitioner in particular was charged with thirteen offenses: one count of conspiring to distribute and possess with intent to distribute schedule II controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1); five counts of pharmacy robbery, in violation of 18 U.S.C. § 2118, five counts of using, carrying, brandishing, and/or discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [*Id.*].

Co-conspirators Moore, Hopson, and Marble pled guilty to a variety of charges for their roles [Docs. 70, 71; PSR ¶ 16]. Petitioner and co-defendant Hill proceeded to trial where Moore, Hopson, and Marable testified for the United States under cooperation plea agreements [Docs. 116, 166, 167]. On January 19, 2012, a jury convicted Petitioner and Hill on all counts [Docs. 118, 119]. The jury form for the § 924(c) convictions asked only if Petitioner was guilty of "using and carrying" a firearm during and in relation to a crime of violence, not whether he was guilty of "brandishing" or "discharging" the same during any of the five robberies [Doc. 119].

4

The United States Probation Office calculated Petitioner's effective Guideline range as 1,452 to 1,494 months' imprisonment, attributable in part to consecutive mandatory minimum sentences totaling 1,284 months' imprisonment for the five convictions under § 924(c) [PSR ¶¶ 157, 158]. This 1,284-month total was calculated by adding a seven-year minimum mandatory term of imprisonment for brandishing the firearm during the first robbery, and adding four additional twenty-five-year minimum mandatory sentences for the four remaining § 924(c) convictions. On June 14, 2012, the district court sentenced Petitioner to 1,452 months' imprisonment—the bottom of the advisory Guideline range [Doc. 158]. Petitioner appealed to the Sixth Circuit, arguing that his sentence was in violation of the Eighth Amendment's prohibition against cruel and unusual punishment; the Court of Appeals affirmed the conviction and sentence in an Order entered on November 26, 2013 [Doc. 174].

Less than one year later, Petitioner filed the instant § 2255 motion [Docs. 181, 182]. The filing contains two grounds for collateral relief: the first he labels as a "rule of lenity" issue; the second he characterizes as a "due process" violation [Docs. 181, 182]. Slightly less than two years after submitting his original petition, Petitioner filed what the court interprets as a motion for leave to supplement that petition with an additional ground for relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015)—in which the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague [Doc. 196].

## II. TIMELINESS OF PETITION AND AMENDMENT

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations applicable to collateral challenges under § 2255 runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by Governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Amended claims and defenses are subject to the same limitations period as the original motion. *Cameron v. United States*, No. 1:05-CV-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review but does not seek a writ of certiorari, the conviction becomes final at expiration of the time for seeking such a writ. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the period for seeking a writ of certiorari expires); U.S. Sup. Ct. R. 13(3) (providing ninety-day period for requesting a writ of

certiorari, running from the date of the Court of Appeal decision). Petitioner's conviction became final for purposes of 2255(f)(1) on February 24, 2014, one year after the period for seeking a writ of certiorari expired. The original petition—filed on November 10, 2014—falls safely within the permissible period for requesting relief [Doc. 181].

By contrast, Petitioner failed to request leave to incorporate the *Johnson* claim until nearly a year-and-a-half after the window for requesting timely relief under § 2255(f)(1) expired. Further, he has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting Forman v. Davis, 371 U.S. 178, 182 (1965)). As a result, the Court finds that it need not determine the timeliness of Petitioner's motion under subsection (f)(3) because, even assuming the Court were to find that reliance on *Johnson* in the context of § 924(c) triggered a renewed window, *see* 28 U.S.C. § 2255(f)(3) (providing an alternative commencement from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"), the

7

proposed claim would fail as a matter of law, i.e., granting leave to make the amendment would be futile.

In the sole proposed supplemental ground for relief, Petitioner appears to argue that the *Johnson* decision invalidated the similarly-worded residual clause in § 924(c)(3)(B), thereby precluding his five violations of 18 U.S.C. § 2118(a) from being categorized as "crimes of violence" sufficient to support the five conviction under § 924(c)(1)(A) [Doc. 196 (arguing that he is entitled to vacatur of the five § 924(c) convictions)]. The argument fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding

---

[2] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. See U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

8

"rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, the convictions under 18 U.S.C. § 2118(a) remain capable of supporting the convictions under § 924(c)(1)(A).

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's five convictions under 18 U.S.C. § 2118(a) would remain crimes of violence under the provision because the offenses qualify under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's convictions, which by definition involve the taking of a controlled substance "by force or violence or by intimidation," 18 U.S.C. § 2118(a), categorically fall within the scope of that provision. *Accord United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within Section 4B1.2(a)'s use-of-physical-force clause); *United States v . McNeal*, 818 F.3d 141, 152–53 (4th Cir. 2016)

---

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

9

(finding that federal bank robbery in 18 U.S.C. § 2113(a) categorically qualifies as a crime of violence under the use-of-physical-force clause in 18 U.S.C. § 924(c)(3)(A)).  Because *Johnson* does not provide a viable basis for relief, Petitioner's request to supplement the original petition to include the same will be **DENIED**.

### III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner articulates two timely grounds for collateral relief in his original § 2255 motion [Docs. 181, 182].  Those grounds are as follows: (1) a "rule of lenity" challenge, i.e., challenge to the treatment of five § 924(c) convictions charged in the same indictment as "second or subsequent" convictions for purposes of the mandatory consecutive sentences; and (2) a "due process" challenge based on the Supreme Court ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), i.e., challenge to the fact that he was sentenced for "brandishing" a firearm in connection with a crime of violence without requiring that the jury first make a finding to that effect [Docs. 181, 182].  Neither of these collateral challenges warrants the requested relief.

10

### A. Ground One: "Rule of Lenity" Challenge

It is unlawful for a defendant to use, carry, brandish, or discharge a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c). The penalties provide a minimum mandatory sentence for the first § 924(c) conviction—five years for using or carrying a firearm, seven years for brandishing a firearm, and ten years for discharging a firearm—and, "[i]n the case of a second or subsequent conviction under [§ 924(c)], the person shall be sentenced to a term of imprisonment of not less than [twenty-five] years." *Id.*

Petitioner admits that he was convicted of five counts under § 924(c), but argues that inclusion of all five counts in the same indictment precludes any of those convictions from being treated as "second or subsequent" to another count in the same indictment [Doc. 181, 182 (arguing that the meaning of "second or subsequent" is ambiguous and, under the rule of lenity, should be construed narrowly to preclude the use of multiple convictions in a single indictment)]. The argument is foreclosed by binding Supreme Court and Sixth Circuit precedent.

The Supreme Court and Sixth Circuit have held that § 924(c) is unambiguous and that the "second or subsequent" language was intended to apply to § 924(c) convictions charged in the same indictment. *See Deal v. United States*, 508 U.S. 129, 131 (1993) (explaining that the twenty-five year mandatory terms applied to each "second and subsequent offense" even where all of the offenses were charged in a single indictment). The Sixth Circuit has consistently followed the holding of the *Deal* decision, *United States v. Washington*, 714 F.3d 962, 970 (6th Cir. 2013); *United States v. Ervin*, 266 F. App'x 428, 438 (6th Cir. 2008); *United States v. Wiley*, 132 F. App'x 635, 643 (6th Cir. 2005), and this Court remains bound

11

by those decisions. Accordingly, Petitioner is not entitled to relief based upon his asserted ground.

### B. Ground Two: "Due Process" Challenge

In *Almendarez-Torres v. United States*, the Supreme Court held that a prior conviction may be introduced at sentencing to enhance statutory punishment without offending a defendant's constitutional rights. 523 U.S. 224, 239–47 (1998). Two years later, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 446 (2000); b*ut see Booker v. United States*, 543 U.S. 220, 244 (2005) (reiterating that the fact of a prior conviction is exempt from the general rule that all penalty-enhancing facts must be presented to a jury and proven beyond a reasonable doubt). Relying on its holding in *Apprendi*, the Supreme Court held in *Alleyne* that any fact that increases a statutory mandatory minimum is an "element" of the offense which must be found by a jury or admitted by the defendant. 133 S. Ct. at 2155 (overruling *Harris v. United States*, 536 U.S. 545 (2002), which had held that an increased mandatory minimum was merely a sentencing factor).

Petitioner correctly notes that the 1,284-month term for the five § 924(c) convictions was reached after applying a seven-year mandatory sentence for the first of the § 924(c) offenses despite the fact that the jury never found that he "brandished" the firearm. His reliance on the *Alleyne* decision as a basis for setting aside or vacating that sentence nonetheless fails because the *Alleyne* decision does not apply retroactively to cases on collateral review. *In Re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014) ("[A]ny new rule

12

announced in *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court."); *Myrick v. United States*, No. 4:11-CR-13, 2015 WL 5514681, at *2 (E.D. Tenn. Sept. 16, 2015) (same). Accordingly his due process claim similarly provides Petitioner with no grounds for relief.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's request to supplement the original petition [Doc. 196] will be **DENIED** based on futility of the proposed claim therein and un-amended § 2255 motion [Docs. 181, 182] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

13

Case 3:11-cr-00006-TAV-CCS   Document 204   Filed 10/28/16   Page 13 of 13   PageID #: 1412