UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:11-CR-6-TAV-CCS-1 |
| DANIEL D. GIBSON, | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's motion for a sentence reduction [Doc. 208]. In defendant's motion, defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 209]. The government defers to the Court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Guidelines Manual.

## I.  Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term

> of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application

2

decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

Defendant was convicted by jury trial of conspiracy to distribute and possess with intent to distribute Schedule II controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C); five counts of armed pharmacy robbery, in violation of 18 U.S.C. § 2118(a), (c)(1); five counts of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and two counts of possession of—or being aided and abetted by another in the possession of—a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) [Doc. 119]. At the time of sentencing, defendant was held responsible for a marijuana equivalent of 1,790.93 kilograms [Presentence Investigation Report ("PSR") ¶ 42]. Given the amount of drugs for which defendant was held responsible, defendant's base and total offense level was 32 [*Id.* ¶ 53]. Given defendant's

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

criminal history category of IV, defendant's applicable guideline range for the drug and robbery offenses was 168 to 210 months' imprisonment [*Id.* ¶¶ 135, 158]. Defendant was also subject to consecutive mandatory minimums of 84, 300, 300, 300, and 300 months' imprisonment, respectively, for his five § 924(c) offenses [*Id.* ¶ 158]. As a result, his effective guideline range was 1,452 to 1,494 months' imprisonment [*Id.*].

The Court sentenced defendant on June 11, 2012, to 1,452 months' imprisonment [Doc. 158], which is within the range produced by the Guidelines. According to the government, defendant is presently scheduled for release on June 13, 2116 [Doc. 209 p. 3].

### III. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Applying Amendment 782, defendant's revised base and total offense level is 30. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 30 and a criminal history category of IV results in an amended guideline range of 135 to 168 months' imprisonment for the drug and robbery offenses. After the 120-month concurrent sentence imposed in Counts Twelve and Thirteen, the 84-month consecutive sentence

4

imposed in Count Three, and the 300-month consecutive sentences imposed as to each of Counts Five, Seven, Nine, and Eleven, the effective revised guideline range is 1,419 months to 1,452 months. Thus, defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offense(s) and defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or

other correctional treatment.[2] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in defendant's sentence, the seriousness of defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii). In particular, the Court notes that even if defendant's sentence is reduced, he will likely still remain in prison his entire life.

Regarding defendant's post-sentencing conduct, the government informs the Court that defendant was sanctioned on two occasions in June, 2013, for assaulting another inmate without causing serious injury and for being unsanitary or untidy [Doc. 209 p. 4]. The government notes that defendant has remained incident-free since that time, and that it has no other information to present in opposition to a sentence reduction under Amendment 782. The government states that it defers to the Court's discretion whether to grant a reduction in the defendant's sentence, and, if so, to what extent.

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782. The Court has also taken into consideration the risk defendant poses

---

[2] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

to public safety, the nature and circumstances of defendant's offense(s), defendant's personal characteristics, criminal history, and post-sentencing conduct.

## IV. Conclusion

For the reasons stated herein, defendant's motion [Doc. 208] is **GRANTED** and defendant's sentence is **REDUCED** to **<u>1,419 months' imprisonment</u>**. Except as otherwise provided in this order, all provisions of the judgment dated June 14, 2012 [Doc. 158], shall remain in effect.

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            CHIEF UNITED STATES DISTRICT JUDGE